UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JUNIOR LEE BASS                                                                                    PLAINTIFF

v.                                                                         CIVIL ACTION NO. 5:12-cv-82-FKB

RICKEY JACKSON, et al.                                                                       DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion for Summary Judgment and Supplemental Motion for Summary Judgment filed by Plaintiff [Docket Nos. 23, 37], as well as the Motion for Summary Judgment filed by Defendant Jackson [Docket No. 20] and Defendant Jackson's Supplemental Motion for Summary Judgment.  Docket No. 34.  Having considered the parties' filings in this matter, the Court concludes that Plaintiff's Motions are not well-taken and are denied.  Defendant's Supplemental Motion is granted, rendering Defendant's first motion moot.

PLAINTIFF'S COMPLAINT

Plaintiff claims that while he was incarcerated at the Wilkinson County Correctional Facility ("WCCF"), gang members took his summer package[1] away from him on May 29, 2012.  Docket No. 1.  Plaintiff contends that because he reported the theft and because of a prior incident,[2] this gang has a "hit" on him.  Plaintiff is suing the defendants for telling the gang

---

[1]At the omnibus hearing in this matter, Plaintiff explained that a summer package consists of food and other items a prisoner's family purchases for the inmate.  Plaintiff testified that the package is worth approximately $100.00.

[2]Plaintiff's prior incident with the gang occurred in April of 2012, and involved a shank, a green dot card and Plaintiff allegedly being ordered by the gang to kill an officer.  That incident is the subject of a grievance filed by Plaintiff and referenced at Docket No. 20-1 at 3-4 and Docket No. 20-2 at 15-43.

members that he reported the theft, thereby endangering his life.  After the theft, Plaintiff was transferred to South Mississippi Correctional Facility, where he is currently incarcerated.  As relief, Plaintiff seeks a replacement summer package, a transfer,[3] and the termination of both defendants.[4]

## DISCUSSION

**A.  Defendant Jackson's Motions**

By both his motion and supplemental motion, Defendant Jackson urges the Court to dismiss Plaintiff's Complaint for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act.  42 U.S.C. § 1997e.  It is undisputed that WCCF has an Administrative Remedy Program (ARP), which Plaintiff was required to utilize.  Defendant Jackson raised this argument in his first motion, but at the omnibus hearing[5] in this matter, Plaintiff testified that he pursued what is known as a "sensitive issue" ARP which allows an inmate to circumvent notifying the facility at issue of a complaint, if the inmate believes he or she would be adversely affected should the complaint be known at the facility.  These sensitive issue ARPs are sent by the inmate straight to the Deputy Commissioner of the Mississippi Department of Corrections.

---

[3]Though Plaintiff had been transferred by the time of his omnibus hearing, he testified that members of the gang at issue are housed at the same facility in which he is currently housed and he remains a target.

[4]Process for Defendant Fountain was returned unexecuted with a notation that she no longer works at the facility.  Docket No. 15.

[5]*See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

2

*Via* his supplemental motion, Defendant Jackson argues that Plaintiff did in fact file two sensitive issue ARPs, but that he was informed that neither was, in the opinion of the Deputy Commissioner, a sensitive issue ARP. Plaintiff was instructed that he must pursue his complaints through the normal ARP grievance procedure. Affidavit of David Petrie, Legal Claims Administrator at the Mississippi Department of Corrections, Docket No. 34-2. Plaintiff did not respond to Defendant Jackson's supplemental motion.

**B. Exhaustion**

On June 7, 2012, Plaintiff filed a grievance regarding his summer package. However, because he already had a pending grievance regarding a threat on his life that took place before the summer package incident, the grievance concerning his summer package was backlogged pending resolution of the previously filed grievance. Affidavit of Janice Fountain, Administrative Remedies Program Clerk at WCCF, Docket No. 20-2. Plaintiff filed this lawsuit just one week after he filed his grievance regarding his summer package. Docket No. 1. Accordingly, Plaintiff has not exhausted administrative remedies.

CONCLUSION

Plaintiff's failure to complete the administrative process warrants dismissal. Plaintiff's claims against Defendant Jackson are therefore dismissed without prejudice.

SO ORDERED AND ADJUDGED, this the 19th day of February, 2013.

/s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE